IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| CLAIRE DE SILVA, ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: GJH-14-03462 |
| AMERICAN BROKERS CONDUCIT, ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This is an action to quiet title brought by *pro se* Plaintiffs Claire De Silva and Carla De Silva-McPhun (collectively, "Plaintiffs") against several defendants, including GS Mortgage Securities Corporation, Goldman Sachs Mortgage Company, L.P., Mortgage Electronic Registration Systems, Inc., Homeward Residential, Inc., Deutsche Bank National Trust Company, and JPMorgan Chase Bank, N.A. (collectively, "Defendants"). This Memorandum and accompanying Order address Defendants' unopposed Motion to Dismiss (ECF No. 14). The time for a response has expired and a hearing is unnecessary in this case. *See* Loc. R. 105.2(a) (Md.); *see also* Loc. R. 105.6 (Md.). For the reasons stated below, Defendants' Motion to Dismiss is GRANTED.

I.      **BACKGROUND**

Plaintiffs allege that they are the owners of real property located at 11206 Odell Farms Court, Beltsville, Maryland 20705 (the "Property"). *See* ECF No. 2 at ¶ 10. Plaintiffs financed the Property through a $399,070 loan (the "Note") with American Brokers Conduit. *See id.* at ¶

1

11; *see also* ECF No. 14-2. To secure the Note, Plaintiffs executed a deed of trust in the amount of $399,070, dated January 20, 2006, and used the Property as collateral. *See* ECF No. 14-1 at ¶ 11; *see also* ECF No. 14-3. The deed of trust was recorded on March 27, 2007 with Prince George's County in Land Records Book 27479, Page 626. *See* ECF No. 2 at ¶ 12.

In signing the deed of trust, Plaintiffs expressly acknowledged that the Note, or a partial interest in the Note, as well as the deed of trust, could be transferred numerous times without advanced notice being provided to them. *See* ECF No. 14-3 at ¶ 20. The deed of trust stated: "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." *Id*. Furthermore, the deed of trust also made clear that even if the Note was sold, Plaintiffs' obligations would remain the same. *See id.* Specifically, the deed of trust provided that "[i]f the Note [was] sold and thereafter the Loan [was] serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower [would] remain with the Loan Servicer or be transferred to a successor Loan Servicer and [would] not [be] assumed by the Note purchaser unless otherwise provided by the Note purchaser." *Id*. On February 15, 2010, a deed of appointment of substitute trustees was recorded in the land records of Prince George's County at Book 31455, Page 626. *See* ECF No. 2 at ¶¶ 14, 15(i); *see also* ECF No. 14-5. Then again, on April 1, 2011, a deed of removal and appointment of substitute trustees was recorded in the land records of Prince George's County at Book 32556, Page 062. *See* ECF No. 2 at ¶ 15(j); *see also* ECF No. 14-6. A

On September 10, 2014, Plaintiffs filed this *pro se* lawsuit in the Circuit Court for Prince George's County, Maryland against Defendants. *See* ECF No. 2. Plaintiffs' complaint alleges three causes of action: quiet title (Count I), common law fraud (Count II), and violation of the Maryland Consumer Debt Collection Act (Count III). Although it is not entirely clear from the

complaint, Plaintiffs also appear to be seeking an order that (1) they hold clear and clean title to the Property and (2) they are no longer required to make payments on the Note because, according to them, the deeds of appointment and/or the deed of trust are invalid and unenforceable. *See* ECF No. 2 at ¶¶ 15(a)-(j). Specifically, Plaintiffs allege that the deeds are invalid because they were improperly assigned and because the deed of trust was separated from the Note. *See* ECF No. 2 at ¶¶ 15(a)-(j), 26-31.

On November 3, 2014, Defendants removed the state action to this Court (*see* ECF No. 1) and filed a motion to dismiss on November 24, 2014. *See* ECF No. 14. Plaintiffs' opposition to that motion was due on December 8, 2014. *See* Loc. R. 8(b) (Md.). When Plaintiffs did not timely file its opposition, the Court ordered Plaintiffs to show cause, by no later than December 18, 2014, why the Court should not dismiss Plaintiffs' complaint for the reasons stated in Defendants' motion to dismiss. *See* ECF No. 20. The Court warned Plaintiffs that "[f]ailure to respond to th[e] Order to Show Cause may result in the immediate dismissal of this lawsuit." *Id.* Plaintiffs did not respond to the Court's order.

## II.     STANDARD OF REVIEW

The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The U.S. Supreme Court has recently clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Igbal*, 556 U.S. 662 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n. 3 (quoting Fed.R.Civ.P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

3

In deciding a motion to dismiss, the Court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678-79. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. In so doing, the Court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Furthermore, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). To satisfy this standard, plaintiffs "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks omitted) (citing *Harrison*, 176 F.3d at 784). "These facts are often referred to as the 'who, what, when, where, and how' of the alleged fraud." *Id*. (internal quotation marks omitted) (quoting U*nited States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)).

### III. DISCUSSION

As an initial matter, the Court will grant Defendants' motion to dismiss based on Plaintiffs' failure to respond to the Court's Order to Show Cause as well as their failure to

respond to Defendants' motion to dismiss, which the Court considers a formal abandonment of their claims. *See e.g.*, *Ferdinand–Davenport v. Children's Guild,* 742 F.Supp.2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."); *Mentch v. Eastern Sav. Bank, FSB,* 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of the claim); *Johnson v. Nationstar Mortgage, LLC*, No. 14-02536, 2014 WL 5377636, at *2, n.2 (D. Md. Oct. 21, 2014) (dismissing claim, in part, because plaintiff failed to respond to defense arguments raised in its motion to dismiss). But even if the Court considered the substance of Plaintiffs' claims, it would still grant Defendants' motion to dismiss.

First, Plaintiffs seek an order to quiet title in their favor because, according to them, the deed of trust was separated from the Note thereby "making the mortgage unenforceable, null, deficient, and illegal" and because the deed of trust and/or the Note were improperly assigned. *See* ECF No. 2 at ¶¶ 14, 24-31.  The Court will not grant this relief. Under Maryland law, a person in "actual peaceable possession of property" may sue to quiet title when "her title to the property is denied or disputed, or when any other person claims . . . to own the property . . . or to hold any lien encumbrance on it." Md.Code Ann., Real Prop. § 14-108(a). In such an action, however, "the plaintiff, and not the defendant, must prove possession and a legal claim to title *before* the burden is shifted to the defendant to establish superior title." *Porter v. Schaffer*, 126 Md. App. 237, 728 A.2d 755, 773 (Md. App. 1999) (emphasis in original). Thus, "the plaintiff bears the burden of proving both possession and legal title." *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).

Here, Plaintiffs' action to quiet title must be dismissed because they do not have legal title to the Property. Indeed, Plaintiffs readily admit that they received a mortgage for the Property and conveyed the deed of trust. Plaintiffs have not alleged, nor have they demonstrated, that they have satisfied their obligations under the Note or the deed of Trust. Nor have Plaintiffs shown any right to recession. That the deed of trust was allegedly separated from the Note does not render the deed of trust "unenforceable, null, deficient, and illegal," as Plaintiffs contend. ECF No. 2 at ¶ 26. This Court has repeatedly rejected such claims. *See, e.g.*, *Reed v. PNC Mortg.*, No. 13-1536, 2013 WL 3364372, at *3 (D. Md. July 2, 2013); *Parker v. Deutsche Bank Nat'l Trust Co.*, No. 12-13358, 2013 WL 1390004, at *2-3 (D. Md. Apr.3, 2013); *Mabry v. MERS*, No. 13-1700, 2013 WL 5487858, at *3 (D. Md. Oct. 1, 2013). Nor is the Court moved by the fact that the deed of trust or the Note may have been reassigned. In signing the deed of trust, Plaintiffs acknowledged that the Note, as well as the deed of trust, could be transferred. *See* ECF No. 14-3 at ¶ 20. The Court must therefore dismiss Plaintiffs quiet title action. *See Hood v. Aurora Loan Servs.*, No. 10-11, 2010 WL 2696755, at *5 (D. Md. July 6, 2010) (dismissing quiet title action where plaintiffs, mortgagors, did not hold legal title to the mortgaged property); *Brown v. Wilmington Fin.*, No. 11-699, 2012 WL 975541, at *6 (D. Md. Mar. 21, 2012) (dismissing plaintiff's quiet title action where plaintiff "admit[ted] that she took out the two loans from [the lender] and, in doing so, encumbered her property by a deed of trust"); *Blick v. JP Morgan Chase Bank*, No. 12-1, 2012 WL 1030115, at *4 (W.D. Va. Mar. 27, 2012) (dismissing a claim for quiet title where plaintiffs did not allege that they had satisfied their loan obligations), *aff'd*, 475 Fed. Appx. 852 (4th Cir. 2012); *Jones v. Fulton Bank*, No. 13-126, 2013 WL 3788428, at *8 (E.D. Va. July 18, 2013) ("To assert a claim for quiet title, the plaintiff must plead that he has fully satisfied all legal obligations to the party in interest").

Next, the Court will also dismiss Plaintiffs' fraud claim (Count II). Fed.R.Civ.P. 9(b) states that "in alleging a fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Superior Bank, F.S.B. v. Tandem Nat'l Mortg., Inc.*, 197 F. Supp. 2d 298, 313-14 (D. Md. 2000) (quoting *Windsor Assocs., Inc. v. Greenfeld*, 564 F. Supp. 273, 280 (D. Md. 1983)). Such allegations typically "include the 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.'" *Id.* Even viewing the allegations in the light most favorable to Plaintiffs (as it must), the Court still comes to the conclusion that Plaintiffs have failed to adequately alleged a common law fraud claim.

"To state a fraud claim under Maryland law, a plaintiff must allege five elements with particularity (1) the defendant made a false statement of fact; (2) the defendant knew the statement was false or acted with reckless disregard for the truth of the statement; (3) the defendant made the statement for the purpose of defrauding the plaintiff; (4) the plaintiff reasonably relied on the false statement, and (5) the plaintiff was damaged as a result." *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F.Supp.2d 452, 465 (D. Md. 2013) (citations omitted). Additionally, Plaintiffs' fraud allegations must meet the "heightened pleading standard under Rule 9(b)." *Piotrowski v. Wells Fargo Bank, N.A.*, No. 11-3758, 2013 WL 247549, at *5 (D. Md. Jan. 22, 2013). Plaintiffs have failed to satisfy this burden here.

Specifically, Plaintiffs contend that Defendants committed fraud by "fail[ing] to properly endorse and transfer interest as the Holder of Due Course and [by] commit[ing] slander and fraud to the Plaintiffs' title by back dating Substitute of Trustee documents . . . ." ECF No. 2 at ¶ 30. Additionally, Plaintiffs allege that Defendants committed fraud by making "false

7

representation[s] . . . to Plaintiffs by slandering title with no Assignment and by backdating Substitute of Trustee documents [and by] unauthorized Agents executing the documents within the public records." *Id.* at ¶ 33. These vague and conclusory allegations, however, do not include the "time, place and contents of the false representation, as well as the identity of the person making the misrepresentation." *Windsor Assocs., Inc.*, 564 F. Supp. at 280. Furthermore, where, as here, "a complaint alleges fraud against multiple defendants, Rule 9(b) requires that the plaintiff identify *each* defendant's participation in the alleged fraud." *Haley v. Corcoran*, 659 F. Supp. 2d 714, 721 (D. Md. 2009) (emphasis added). In this case, Plaintiffs have simply lumped all of Defendants into one category as "the Defendants" without identifying the role each Defendant played in the alleged fraud. *See* ECF No. 2 at ¶¶ 33-35. Under these circumstances, "[i]t would be impossible for any of the individual defendants to determine from these allegations which of the misrepresentations they are specifically responsible for or what role they are alleged to have played in the fraud." *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, No. 00-1088, 2005 WL 841997, at *2 (D. Md. Mar. 22, 2005). Accordingly, Plaintiffs allegations regarding their fraud claim are insufficient to satisfy the heightened pleading standard under Fed.R.Civ.P. 9(b) and this claim must therefore be dismissed.

Finally, the Court must also dismiss Plaintiffs' claim for violation of the Maryland Consumer Debt Collection Act ("MCDCA") (Count III). The MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14-201 to 14-204. Specifically, the MCDCA states that a "person collecting or attempting to collect an alleged debt arising out of a consumer transaction," *id.* § 14–201(b), may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." *Id.* § 14–202(8).

Here, Plaintiffs' only substantive allegation regarding their MCDCA claim is that:

> Defendant(s) American Home Mortgage Servicing, Inc., MERS, GSAA Home Equity Trust 2006-9, Deutsche Bank National Trust Company and US Bank National Association claimed, attempted, or threatened to enforce a right with knowledge that its right did not exist under Maryland or Federal law in the manner it sought by maintaining the underlying slander of title actions by recording backdated, misleading, fabricated and misleading documents in Prince George's County claiming an interest to Plaintiff property.

*See* ECF No. 2 at ¶ 41. This allegation, which merely provides "[t]hreadbare recitals of the elements of a cause of action," is inadequate to state a claim for a violation of the MCDCA. *Iqbal*, 556 U.S. at 678. Indeed, as Defendants rightly point out, Plaintiffs do not "make a single allegation as to how, when, or where defendants 'claimed, attempted or threated to enforce a right with knowledge that its right did not exist under Maryland or Federal law . . . .'" ECF No. 14-1 at 12 (citing ECF No. 2 at ¶ 41). "Nor do Plaintiffs specify what 'right' defendants 'claimed, attempted, or threatened.'" *Id.* (citing ECF No. 2 at ¶ 41). The Court will therefore dismiss Count Plaintiffs' MCDCA claim.

### IV. CONCLUSION

For the reasons discussed, Defendants' Motion to Dismiss (ECF No. 14) is GRANTED.

Dated: January 21, 2015                                  /S/
                                                         George Jarrod Hazel
                                                         United States District Judge

9